214 N.J. Super. 306 (1986)
518 A.2d 1137
ESTATE OF MARGARET CARROLL AND WALTER CARROLL, PLAINTIFFS-APPELLANTS,
v.
SAMUEL GELTMAN AND CO. AND BRADFORD ARMS, A PARTNERSHIP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1986.
Decided December 18, 1986.
*307 Before Judges ANTELL, BRODY and D'ANNUNZIO.
Allen Russ, attorney for appellants (Jonathan S. Druckman on the brief).
Greenberg, Margolis, Ziegler, Schwartz, Dratch & Fishman, attorneys for respondents (Thomas Hendrickson on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiffs recovered judgments against defendants in a personal injury negligence action. Defendants were insured by Ambassador Insurance Company, which is insolvent. By adoption *308 of the New Jersey Surplus Lines Insurance Guaranty Fund Act (the act), N.J.S.A. 17:22-6.70 et seq., the Legislature created a fund "to avoid financial loss to claimants or policyholders because of the insolvency" of insurers such as Ambassador. N.J.S.A. 17:22-6.71. The fund has limited resources, however, and N.J.S.A. 17:22-6.74a(1) authorizes the Commissioner of Insurance to "adjust the fund's obligations for covered claims based on the monies available in the fund."
Pursuant to that authority, the Commissioner has ordered the fund to pay only "40% of the principal amount" of each covered claim against Ambassador. The order further provides that "[p]ayments in excess of 40% of covered claims shall not be made until further order of the Commissioner." The Commissioner's general commitment to pay all claims against Ambassador was made "subject to the issuance of an order by the Commissioner to the contrary." The basic issue on this appeal is whether plaintiffs or defendants shall bear the burden of the fund's delay and the risk that it will never pay in full.
The trial judge resolved the question against plaintiffs by ordering that execution of their judgments be stayed "until further order of the Court." The judge gave no reason for the stay and did not condition it on the happening of any event. Although the order states that plaintiffs "have the right to make application to lift the stay," it does not state what plaintiffs must show that will entitle them to that relief. An order that in effect stays execution of a final judgment unconditionally and indefinitely is itself a new final judgment and therefore appealable under R. 2:2-3(a)(1). See 9 Moore's Federal Practice (2d ed.) ¶ 110.08[1].
We assume that the trial judge concluded that the act required him to stay execution of these judgments until such time as the Commissioner may authorize payment in full of claims against Ambassador. Defendants find support for this conclusion in the stated legislative purpose to "avoid financial *309 loss to claimants or policyholders because of the insolvency" of insurers such as Ambassador.
The fund enables a claimant or policyholder to avoid financial loss only to the extent that it pays the claim. Where, as here, the fund is unable to pay a judgment against a policyholder who is a tortfeasor, the burden of delay in payment and the risk that the fund will never pay must fall on the tortfeasor, not on the holder of the judgment. The Legislature did not intend to deny execution to the holder of a judgment simply because the judgment debtor happens to be a policyholder who had expected to be fully indemnified but is not because his carrier became insolvent and the fund has insufficient money to cover the loss.
Reversed.